RODGER v. BOWIE et al.

(Supreme Court, Appellate Division, Second Department.  November 19, 1909.)

MORTGAGES (§ 516*)—FORECLOSURE OF FIRST MORTGAGE—PURCHASE BY ONE OF
THE HOLDERS OF SECOND MORTGAGE—EFFECT.

> A holder of a second mortgage to himself and a third person may bid in the property at foreclosure of the first mortgage to protect his own interest; but he need not do so to protect the third person's interest, and in the absence of some arrangement to that effect, or conduct fairly leading the third person to rely on a purchase for their joint benefit, the third person is not entitled to the benefits of such a purchase.
>
> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1518; Dec. Dig. § 516.*]

Appeal from Special Term, Kings County.

Action by William C. Rodger against Adeline M. Bowie and another.  From a judgment of dismissal, plaintiff appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and MILLER, JJ.

Frederick W. Sparks, for appellant.

Rufus O. Catlin, for respondents.

WOODWARD, J.  The plaintiff in this action was, on the 1st day of April, 1907, the owner of the equity in certain real property; the defendants at the same time owning certain mortgages.  These parties entered into an agreement whereby they merged their several interests in a certain second mortgage for $20,000, covering property at Canarsie, in the borough of Brooklyn.  The plaintiff's interest in said second mortgage was $8,000, while that of each of the defendants was $6,000.  The mortgage was assigned to the defendant Adeline M. Bowie, and held by her, in her name, for the benefit of the plaintiff and defendants in the amount named.  With matters in this situation, in September, 1907, an action was commenced to foreclose the first mortgage upon the premises covered by the second mortgage mentioned above, and this action resulted in a judgment and a sale of the mortgaged premises.  This sale occurred on the 15th day of April, 1908, both the plaintiff and the defendants being present, and at that time the defendant Adeline M. Bowie purchased the premises, taking title in her own name.  The complaint in this action alleges that it was at all times believed, until about the 11th day of May, 1908, that the defendant bought the said premises and held the same for the benefit of said plaintiff and defendants; but it is nowhere averred that there was any such bargain or understanding between the parties at the time, and it does not appear that the plaintiff ever paid, or offered to pay, any of the purchase price, or that he shared in any manner in the transaction.  At the close of plaintiff's direct testimony, and during the cross-examination, the plaintiff's complaint was dismissed because of a failure to show facts sufficient to constitute a cause of action.  The plaintiff appeals.

The plaintiff's theory is that the defendant Adeline M. Bowie was a trustee for the owners of the second mortgage, and that, in purchas-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

119 N.Y.S.—12

ing the premises under the first mortgage sale, she in some manner became obligated to share the purchase with the plaintiff; but we are of the opinion that the allegations of the complaint, and the testimony of the plaintiff, fail to disclose any such condition of affairs as to impose upon the defendant Adeline M. Bowie the duties of a trustee. She had a perfect right to bid in the property to protect her own investment; but she was not bound to do so for the protection of the plaintiff's interest, in the absence of some arrangement to that effect, or conduct on her part which would fairly lead the plaintiff to rely upon her to do so, by which he was misled to his prejudice. He was present at the sale; but there is no suggestion that he had any arrangement with the defendant in reference to the property, or that she did anything to mislead him to his prejudice, nor is there any suggestion that he afterward did anything to entitle him to the interposition of a court of equity. He did not share in the burdens in any way, or offer to do so, and the mere fact that he was jointly interested in a second mortgage upon the premises did not entitle him to the benefits of a purchase made at a foreclosure sale, where he had every right that the defendant had to protect his interest.

The complaint was properly dismissed, and the judgment appealed from should be affirmed, with costs. All concur.